WILLIAM EVERETT *versus* NELSON HERRIN.

The moneys remaining in the hands of the officer, arising from the sale of personal property attached on a writ, and appraised and sold according to the provisions of the statutes made for such cases, may be further attached by the officer, as the property of the owner, in like manner, as the property itself might have been, if there had been a sale of it. R. S., 1841, c. 114, § 64.

*Otherwise*, if, in making the appraisement or sale, the officer does not substantially comply with the requirements of the statute, which contemplates, that the proceeds to be attached, are the proceeds of a statutory, and not of an unauthorized, sale.

In an action of trespass, against the sheriff, by the owner of the property thus illegally sold, by his deputy, his attachments and proceedings will afford him no legal justification; for, by reason of his deputy's misfeazance, the law will regard him as a trespasser from the beginning.

THIS was an action of TRESPASS and was presented to the whole Court on report, by CUTTING, J., presiding at *Nisi Prius*.

The report provided for the assessment of damages in case the action is maintainable.

The case is stated in the opinion of the Court.

*Blake & Garnsey*, for plaintiff.

*J. Granger*, for defendant.

The opinion of the Court was drawn up by

APPLETON, J. — On the 7th Feb., 1857, one Paul, a deputy of the defendant, attached two horses, one of which is the subject matter of the present controversy, on a writ in favor of Rufus Mansur against the present plaintiff. On the 5th of March, 1857, a request was made for appraisal of the property attached, under the provisions of R. S., 1841, c. 114, § 53, which was had on the same day, and the horses attached were sold on 7th of March, 1857. It is conceded that the proceedings of the defendant's deputy were illegal, the officer entirely failing to comply with the requirements of the statute of 1846, c. 198. It was determined in *Ross* v. *Philbrick*, 39 Maine, 29, that an officer, who attaches property on mesne process, and sells it thereon, without the consent of the creditor and owner, or otherwise than in accordance with the mode prescribed by the statute, thereby becomes a trespasser *ab initio*. The proceedings of the officer being unauthorized, he must be regarded as a trespasser.

The action, *Mansur & al.* v. *Everett*, was duly entered, and, at the March term, 1858, the plaintiffs became nonsuit. On March 22d, 1858, the same deputy of the defendant, on another writ in favor of *Mansur & al.* v. *Everett*, attached certain moneys in his hands, " the property of the defendant, (now plaintiff,) being the proceeds of the sale of two horses, attached by me on a writ in favor of Rufus Mansur and James A. Drew against said William Everett," &c., " subject to the former attachment." The inquiry arising here is, whether this attachment of the proceeds of a sale, conceded to be illegal, affords any bar to this suit.

By R. S., 1841, c. 114, § 64, it is provided that " when

goods are sold and disposed of * * * after an *appraisal as aforesaid*, the proceeds thereof, whilst remaining in the hands of the officer, shall be liable to be further attached by him as the property of the original defendant, in like manner as the goods themselves would have been liable, if they had remained in the possession of the officer," &c.   But this section pre-supposes a sale in compliance with the statute.   The pro-ceeds to be attached are the proceeds of a statutory sale, not of one illegal and unauthorized by law.   The officer, by his misfeazance, had become a trespasser from the beginning. He had no proceeds in his hands legally.   They were there without authority.   The proceeds, which can be attached, are such as are in the officer's hands after, and in pursuance of a legal attachment, appraisal and sale of the property attached. Such proceeds neither the defendant nor his deputy has.   The trespass has not been purged.           *Defendant defaulted.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., con-curred.